Kenneth C Brooks (SBN 167,792)
Law Office of Kenneth Brooks
125 East Sunnyoaks Ave, Suite 103
Campbell, CA 95008
Tel: 408-368-7997
Fax: 877-730-4315
kcb@brookspatents.com
Plaintiff

FILED

2010 SEP 13 A 9:32

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT

ADR

E-FILING

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

Kenneth C. Brooks

    Plaintiff,

vs.

The Procter & Gamble Manufacturing Company

    Defendant

Case No.:

**CV 10-04089 SBA**

**COMPLAINT FOR FALSE MARKING**

Plaintiff KENNETH C. BROOKS (hereinafter referred to as "BROOKS"), for his Complaint against Defendant The Procter & Gamble Manufacturing Company (hereinafter referred to as DEFENDAN) alleges as follows:

## NATURE OF THE CASE

1. This is an action for false patent marking under Title 35, Section 292 of the United States Code.

////

////

////

1

COMPLAINT

2. At least in part, it is alleged that DEFENDANT's marking of a plurality of their products with patent numbers of expired patents is a violation of 35 U.S.C. § 292(a).

**THE PARTIES**

3. BROOKS is an individual residing in the County of Santa Clara in the state of California with a correspondence address of 125 E. Sunnyoaks Ave., Suite 103, Campbell, California 95008.

4. Upon information and belief, DEFENDANT is a corporation organized and existing under the laws of Ohio, having its principal place of business at One Procter and Gamble Plaza, Cincinnati, OH 45202.

**JURISDICTION AND VENUE**

5. This Court has jurisdiction of this action under 28 U.S.C. §§ 1331 and 1338(a).

6. Venue is proper in this District under 28 U.S.C. §§ 1391(c) and 1395(a), because DEFENDANT's products, the subject matter of this cause of action, are offered for sale and sold in various retail stores in this District.

7. BROOKS brings this action under 35 U.S.C. § 292(b), which provides that any person may sue for civil monetary penalties for false patent marking.

COMPLAINT

## DEFENDANT'S FALSELY MARKED PRODUCTS

8. Upon information and believe, DEFENDANT manufactured and marketed, or caused to be manufactured and/or marketed, and presently manufactures and/or markets, or causes to be manufactured and/or marketed, products for sale to the general consuming public, including, among other things, floss for use in cleaning teeth.

9. Upon information and believe, DEFENDANT has in the past marked, or caused to be marked, and presently marks, or causes to be marked, at least the following products: Crest Glide Deep Clean Floss and Crest Glide Comfort Plus Floss Mint.

## CAUSES OF ACTION FOR FALSE PATENT MARKING

10. BROOKS repeats, realleges and incorporates by reference each and every paragraph above as if set forth fully herein.

11. When a patent expires, all monopoly rights in the patent terminate irrevocably. Therefore, a product marked with an expired patent is not currently patented by such expired patent.

13. Upon information and belief, DEFENDANT is a sophisticated company that has many decades of experience with applying for, obtaining, and litigating patents, and knows, themselves or by their representatives, at least constructively, that patents expire, i.e., that they do not have an indefinitely duration.

3

COMPLAINT

14. Upon information and belief, DEFENDANT knows, or at least should know, themselves or by their representative, that one or more of the patents marked on the products identified in paragraph 9 above are expired.

15. Because all monopoly rights in an expired patent have terminated, DEFENDANT cannot have any reasonable belief that the products identified in paragraph 11 above are patented or covered by the expired patents marked on such products.

## DAMAGES

16. Each expired patent marked on the products identified in paragraph 9 is likely to, or at least has the potential to, discourage or deter each person or company, itself or by its representatives, which views it from commercializing a competing product.

17. Upon information and believe, DEFENDANT's marking of their products with the numbers of expired patents has wrongfully quelled competition with respect to such products to an immeasurable extent thereby causing harm to the United Stats in an amount which cannot be readily determined.

18. Upon information and believe, for at least the reasons set forth herein, DEFENDANT have wrongfully and illegally advertised patent monopolies which they do not possess and, as a result, have likely benefitted in at least maintaining their

4

COMPLAINT

considerable market share with respect to the herein described products in the market place.

19. For at least the reasons provided herein, and/or for other reasons which will be later evidenced, each expired patent which is marked on a product likely, or at least potentially, contributes to the public harm. Therefore, each expired patent marked on a product multiplied by the number of products an/or packaging material on which it appears, e.g., each product or package sold in a retail store, is a separate "offense" pursuant to 35 U.S.C. § 292(a).

**PRAYER FOR RELIEF**

WHEREFORE, BROOKS request this Court, pursuant to 35 U.S.C. §292, to:

A. Enter judgment against DEFENDANT and in favor of BROOKS for the violations alleged in this Complaint;

B. Order DEFENDANT to pay a civil monetary fine of $500.00 per false marking "offense", or an alternative amount as determined by the Court, one-half of which shall be paid to the United States.

C. Grant BROOKS such other and further relief as it may deem just and equitable.

**JURY DEMAND**

Pursuant to Federal Rule of Civil Procedures 38(b), BROOKS hereby demand a trial by jury on all issues so triable.

| | |
|---|---|
| Dated: September 11, 2010 | Respectfully submitted,<br><br>Kenneth C. Brooks<br>*Pro Se* |

COMPLAINT